UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL L. WILSON,

Plaintiff,

v.	CAUSE NO. 3:19-CV-1128-JD-MGG

RON NEAL, et al.,

Defendants.

OPINION AND ORDER

Michael L. Wilson, a prisoner without a lawyer, filed this lawsuit against Ron Neal and Sgt. D. Woods seeking to recover monetary damages for the loss of his personal property. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On July 12, 2019, Wilson moved cells. Sgt. Woods was responsible for safekeeping his property. Sgt. Woods, however, did not follow the prison's policies, and Wilson's property was lost, including family photos, personal letters, and legal materials. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." But, a state tort

claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's tort claims act (Indiana Code § 341331 *et seq.*) and other laws provide for state judicial review of property losses caused by government employees, and provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Even the destruction of legal materials is merely a property loss if the papers are replaceable. *Hossman v. Spradlin*, 812 F.2d 1019 (7th Cir. 1987). Furthermore, legal papers are not deemed irreplaceable merely because there is a cost associated with obtaining them.

While it seems unlikely that Wilson will be able to state a claim, given the facts presented in his complaint, he will nonetheless be granted an opportunity to amend his complaint if, after reviewing this court's order, he believes that he can plausibly state a claim. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If Wilson decides to file an amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured by the events that transpired, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to put this case number on a blank Prisoner Complaint (INND Rev. 8/16) form and send it to Michael L. Wilson;

(2) GRANTS Michael L. Wilson until **February 21, 2020**, to file an amended complaint; and

(3) CAUTIONS Michael L. Wilson, that, if he does not respond by that deadline, his case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on January 22, 2020

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT